KARR *v.* PERE MARQUETTE RAILWAY CO.

1. RAILROADS—CROSSINGS—NEGLIGENCE—EVIDENCE—AUTOMOBILES.

In action by administrator of estate of passenger of an automobile which crashed into side of tender of a locomotive about 2:30 a. m. while it was being backed across a lighted railroad crossing, evidence failed to sustain allegations of negligence that defendant was operating train at excessive speed, in backing train across the crossing without having a man on the rear of the tender to warn persons approaching the crossing of impending danger and in failing to cause the whistle to be blown or bell to be rung.

2. SAME—NEGLIGENCE—CROSSINGS—INSTRUCTIONS—TRAIN CREWS— PROXIMATE CAUSE.

In action by administrator of estate of passenger in automobile which crashed into side of tender of locomotive while it was being backed across lighted railroad crossing at 2:30 a. m. where evidence leaves no doubt train was not then engaged in switching operations, court's instruction that jury might consider company's rule requiring train crew to station a member at crossings unprotected by a watchman only if train were found to be engaged in a switching movement constituted reversible error where there was nothing in record to indicate that a failure to observe such a rule would constitute negligence and plaintiff failed to establish any negligence on part of defendant proximately causing accident.

Appeal from Genesee; Elliott (Philip), J. Submitted April 8, 1943. (Docket No. 28, Calendar No. 42,204.) Decided May 18, 1943.

Case by Paul H. Karr, administrator of the estate of Eva Madzelan, deceased, against Pere Marquette Railway Company, a Michigan corporation, for damages for death of plaintiff's decedent. Verdict

and judgment for plaintiff. Defendant appeals. Reversed without a new trial.

*Paul H. Karr,* for plaintiff.

*John C. Shields* and *William R. Althans (Carton, Gault & Davison,* of counsel), for defendant.

CHANDLER, J. Plaintiff's decedent sustained her fatal injuries at about 2:30 o'clock, a. m. on October 2, 1940, when an automobile in which she was a passenger crashed into the tender of defendant's locomotive as it was backing across the Pierson road crossing in the city of Flint, the engine at that time being engaged in pulling a train of cars from the Coldwater yard of the railroad, north of the crossing, to the Stewart avenue yard, some distance south thereof.

The crossing was illuminated by two flood lights; the tender carried a light on the rear of equal brilliance with that found on the front of the engine; the crossing was equipped with the usual cross-arm signs giving notice to travelers on the highway of the presence of the railroad crossing; there was nothing present at the crossing to obscure a train from the vision of a driver of an approaching automobile. In addition, the testimony shows that the car in which deceased was riding approached the crossing from the west at a speed of 35 miles per hour with the lights dimmed. The engine was backing over the crossing at a speed of two miles per hour, with bell ringing. On the night in question, it was foggy in low spots but no fog existed at the crossing because of a slight elevation in the highway at that point. The automobile crashed into the side of the tender at a point some 10 or 12 feet from the rear end thereof.

The driver of the car remembered nothing concerning the happening of the accident as he could recall no events that occurred after passing a store building located about two blocks west of the crossing.

Defendant's motion for a directed verdict was taken under advisement and the case submitted to the jury who returned a verdict for plaintiff. Judgment was entered on the verdict and defendant's motions for a directed verdict and judgment *non obstante veredicto* were denied, resulting in this appeal.

The declaration charged that defendant's negligence consisted in operating the train at an excessive rate of speed, in backing the train across the crossing without having a man on the rear of the tender to warn persons approaching the crossing of impending danger, and in failing to cause the whistle to be blown or the bell to be rung as a warning of the approach of the train.

It may be said that the proofs failed to establish any of these allegations of negligence. As evidence of negligence, the trial court permitted plaintiff to introduce a rule of defendant promulgated for the conduct of its employees, providing in part:

"When switching over public crossings at grade not protected by a watchman, a member of the crew must protect the crossing from a point on ground on the crossing and movements over crossing must be made only on his signal."

The record leaves no doubt that at the time the accident occurred the train was not engaged in switching operations. The trial court instructed the jury that they were not to consider the rule and the violation thereof by defendant's employees unless they found that the train was then and there engaged in a switching movement. There being no

testimony in the case which would justify such a finding by the jury, and nothing to indicate that a failure to observe such a rule would constitute negligence, the charge of the court was clearly erroneous.

Plaintiff failed to establish any negligence on the part of defendant which was the proximate cause of the accident and it is, therefore, unnecessary to discuss other questions raised.

Judgment reversed, without new trial, with costs of both courts to defendant.

BOYLES, C. J., and NORTH, STARR, WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred.